**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY WELLS** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO.  03-727** |
| **BEN VARNER; District Attorney of the** | : | |
| **County of Philadelphia, et al** | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| **RODNEY WELLS** | : | **MISCELLANEOUS ACTION** |
| **Petitioner,** | : | **NO. 08-00124** |
| | : | |
| **v.** | : | |
| | : | |
| **ROGER E. KING, Assistant District** | : | |
| **Attorney of the County of** | : | |
| **Philadelphia, et al.** | : | |
| **Defendant.** | : | |

**O R D E R**

   **AND NOW**, this 17th day of February, 2009, upon consideration of: petitioner's *pro se*

Hazel-Atlas Motion (Document No. 1, filed July 8, 2008); petitioner's *pro se* Suppplemental

Hazel-Atlas Motion (Document No. 2, filed July 11, 2008); petitioner's *pro se* Motion

Requesting the Court to Delay Any Rulings/Orders on Petitioner's Hazel-Atlas

Motion/Supplemental Hazel-Atlas Motion ("Motion Requesting Delay of Ruling") (Document

No. 21, filed November 12, 2008); petitioner's *pro se* Petitioner Request This Honorable Court

Ascertain from the Honorable Victor J. DiNubile Concerning the Instructions Given to All

Witnesses That Appeared Before the Grand Jury as It Relates to Certain Rights in Reference to

Petitioner's Hazel-Atlas Motion, Supplemental Hazel-Atlas Motion, and Petitioner's Traverse to

1

Commonwealth's Response, So Petitioner Can Display the Complete Depth of the

Fraud/Intentional Fraud Perpetrated upon the Courts Via Assistant District Attorney Roger E.

King ("Request for Grand Jury Documents") (Document No. 25, filed December 4, 2008);

petitioner's *pro se* Motion/Affidavit (Document No. 26, filed December 26, 2008); and the

related submissions of the parties, for the reasons stated in the attached memorandum, **IT IS**

**ORDERED**, as follows:

1. Petitioner's *pro se* Hazel-Atlas Motion is **DENIED**;

2. Petitioner's *pro se* Supplemental Hazel-Atlas Motion is **DENIED**;

3. Petitioner's *pro se* Motion Requesting Delay of Ruling is **DENIED AS MOOT**;

4. Petitioner's *pro se* Request for Grand Jury Documents is **DENIED AS MOOT**; and

5. Petitioner's *pro se* Motion/Affidavit is **DISMISSED**.

<u>M E M O R A N D U M</u>

**I.     Background**

Petitioner Rodney Wells is no stranger to this Court. A state prisoner in Pennsylvania,

petitioner has industriously filed motions with this Court—motions that pertain to at least three

criminal cases, which resulted in convictions in each case. Details of these cases and petitioner's

subsequent filings that are relevant to the Court's decision on the pending motions are described

below.

**A.     September 1986 Convictions and 1999 Habeas Petition**

On September 3, 1986, a jury sitting in the Court of Common Pleas for Philadelphia

County convicted petitioner of first degree murder, possession of an instrument of crime, and

conspiracy ("September 1986 Convictions"). For these convictions, petitioner is serving a life

2

sentence for murder and five to ten years for possession of an instrument of crime and conspiracy.

On September 18, 1989, petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which this Court denied by Order dated November 21, 1990. Wells v. Zimmerman, No. 89-CV-6644 (E.D. Pa. Nov. 21, 1990). The Court of Appeals for the Third Circuit denied a certificate of appealability on May 17, 1991. Wells v. Zimmerman, No. 90-CV-1953 (3d Cir. 1991).

On June 16, 1999, petitioner filed an additional habeas petition related to his September 1986 Convictions. By Order dated July 30, 1999, this Court transferred that petition to the Third Circuit for a ruling on whether to authorize a successive habeas petition. Wells v. Warden, SCI, Mahoney, No. 99-CV-3044 (E.D. Pa. July 30, 1999). The Third Circuit denied the application for leave to file a second or successive habeas petition on January 28, 2000. Wells v. Warden, SCI, Mahoney, No. 99-CV-1589 (3d Cir. 2000). Petitioner subsequently filed two motions in that case—a Motion to Vacate Judgment of Sentence Pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6) and an Amended Petition/Motion Pursuant to Federal Rules of Civil Procedure 60(b)(2) Based Upon Newly Discovered Evidence—which this Court transferred to the Third Circuit for a ruling on whether to authorize the motions as successive habeas petitions. Wells v. Wynder, No. 05-CV-6781, 2006 WL 1648980, *3–4 (E.D. Pa. Jun. 12, 2006). The Third Circuit denied the application for leave to file a second or successive habeas petition by Order of October 19, 2006. Wells v. Wynder, No. 06-CV-3088 (3d Cir. Oct. 19, 2006).

Four of the five motions presently pending before this Court were filed under a new civil action—Wells v. King (No. 08-MC-124)—but seek relief relating to petitioner's September 1986

Convictions and 1989 Habeas Petition in <u>Wells v. Zimmerman</u>. These include petitioner's Hazel-Atlas Motion, Supplemental Hazel-Atlas Motion, Motion to Delay Ruling, and Request for Grand Jury Documents. These four motions are denied for the reasons detailed in Part II.A to II.C, *infra*.

### B.    March 1986 Convictions and 2003 Habeas Petition

On March 7, 1986, a jury sitting in the Court of Common Pleas for Philadelphia County convicted petitioner of murder in the third degree, corrupt organizations, criminal conspiracy, aggravated assault, and possession of an instrument of crime ("March 1986 Convictions"). For these convictions, petitioner was sentenced to a mandatory term of life imprisonment for murder and consecutive sentences of five to ten years' imprisonment for conspiracy and aggravated assault. Petitioner's sentence on the corrupt organizations conviction was suspended.

On February 5, 2003, petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which this Court dismissed without prejudice by Order dated August 7, 2003. <u>Wells v. Varner</u>, No. 03-CV-727 (E.D. Pa. Aug. 7, 2003). Petitioner appealed that Order, and in an Order dated March 15, 2004, the Third Circuit issued a certificate of appealability as to one issue: "whether Petitioner has demonstrated his actual innocence of the Pennsylvania Corrupt Organizations Act offense so as to overcome the procedural default of the ineffectiveness of appellate counsel and due process/corrupt organizations claims." <u>Wells v. Varner</u>, No. 03-CV-3752 (3d Cir. Mar. 15, 2004). The issue on appeal has been fully briefed and is currently pending before the Merits Panel in the Third Circuit.

Wells has filed numerous motions related to his March 1986 Convictions and 2003 Habeas Petition in <u>Wells v. Varner</u>. Some of these motions were filed under the <u>Wells v. Varner</u>

civil action,[1] while others were filed in new actions.[2]

One of the five motions presently pending before this Court—namely, the *pro se* Motion/Affidavit—was filed in the <u>Varner</u> case. For the reasons discussed in Part II.D, *infra*, the Court dismisses this Motion/Affidavit for lack of subject matter jurisdiction.

### C.    April 1985 Convictions and 2004 Habeas Petition

On April 26, 1985, a jury sitting in the Court of Common Pleas for Philadelphia County convicted petitioner of robbery, burglary, criminal conspiracy, and possession of an instrument of crime ("April 1985 Convictions"). For these convictions, petitioner is serving an aggregate term of imprisonment of twenty-five to fifty years and a consecutive term of fifteen years of probation.

On August 27, 2004, petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which this Court dismissed as untimely by Order dated September 1, 2005. <u>Wells v. Palakovitch</u>, No. 04-CV-4072, 2005 WL 2148534, *1 (E.D. Pa. Sept. 1, 2005). The Third Circuit denied a certificate of appealability on December 9, 2005. <u>Wells v. Palakovitch et al.</u>, No. 05-CV-4499 (3d Cir. Dec. 9, 2005).

Petitioner subsequently filed five additional motions under two different case numbers.

---

[1] By Order and Memorandum of December 15, 2006, this Court dismissed for lack of subject matter jurisdiction petitioner's Petition/Motion Pursuant to Federal Rule of Criminal Procedure 6(e)93(c)(i)(I) for Production of Grand Jury Presentment on the Charge of Corrupt Organization. <u>Wells v. Varner</u>, No. 03-CV-727, 2006 WL 3742743 (E.D. Pa. Dec. 15, 2006). By Order dated February 12, 2007, this Court also dismissed for lack of subject matter jurisdiction petitioner's identical Petition/Motion Requesting Equitable Relief. <u>Wells v. Varner</u>, No. 03-CV-727 (E.D. Pa. Feb. 12, 2007). Petitioner's subsequent Letter of February 16, 2007, which was construed by this Court as a Motion for Reconsideration, was denied by Order of February 23, 2007. <u>Wells v. Varner</u>, No. 03-CV-727 (E.D. Pa. Feb. 23, 2007).

[2] Specifically, petitioner filed motions in two different civil actions. In <u>Wells v. Wynder</u> (No. 06-CV-2503), this Court dismissed without prejudice as a second or successive habeas motion petitioner's Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party. <u>Wells v. Wynder</u>, No. 06-CV-2503, 2006 WL 1648980 (E.D. Pa. July 12, 2006). Petitioner did not appeal. In <u>Wells v. King</u> (No. 06-CV-3411), this Court dismissed without prejudice as a second or successive habeas motion petitioner's Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(B)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party. <u>Wells v. King</u>, No. 06-CV-3411 (E.D. Pa. Aug. 25, 2006). No appeal was taken in this action.

By Order and Memorandum of June 12, 2006, this Court dismissed without prejudice petitioner's Petition/Motion Pursuant to Federal Rules of Civil Procedure 60(b)(3)(4) and (6) as a second or successive habeas motion and transferred two additional motions[3] to the Third Circuit for a ruling on whether to authorize successive habeas petitions. Wells v. Wydner, No. 05-CV-6781, 2006 WL 1648980, *3–4 (E.D. Pa. June 12, 2006). The Third Circuit denied the application for leave to file a second or successive habeas petition with respect to the transferred motions by Order dated October 19, 2006, Wells v. Wynder, No. 06-CV-3088 (3d Cir. Oct. 19, 2006). On January 4, 2007, the Third Circuit denied a certificate of appealability with respect to the dismissed motion. Wells v. Wynder, No. 06-CV-3150 (3d Cir. Jan. 4, 2007). By Order and Memorandum of May 4, 2007, this Court dismissed without prejudice petitioner's Second Motion for Equitable Relief Under 60(b)(1)(2)(3)(4) and (6) Seeking Equitable Relief ("Rule 60(b) Motion") as a second or successive habeas motion and denied petitioner's Motion-Petition for Recusal of Appeal District Judge Jan E. DuBois ("Motion for Recusal"). Wells v. Wynder, No. 07-CV-239, 2007 WL 1366792 (E.D. Pa. May 8, 2007). On September 28, 2007, the Third Circuit denied a certificate of appealability as to the Rule 60(b) Motion and summarily affirmed this Court's denial of the Motion for Recusal. Wells v. Wynder, No. 07-CV-2529 (3d Cir. Sept. 28, 2007).

## II.    Discussion

### A.    Hazel-Atlas Motion & Supplemental Hazel-Atlas Motion

In his Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion, petitioner argues that the prosecutor in the case resulting in his September 1986 Convictions, Assistant District

---

[3] These two motions were an Amended Petition/Motion Pursuant to Federal Rules of Civil Procedure 60(b)(2) and a Motion for Compulsory Disclosure Discovery and Inspection.

Attorney Roger E. King ("King"), perpetrated "'[a]n intentional fraud' upon the Court." (Petr.'s Hazel-Atlas Mot. 4.) Specifically, petitioner alleges that although King knew that one of the witnesses testifying against petitioner, Charles Harris ("Harris"), was granted immunity in exchange for his testimony before the Investigating Grand Jury (Id. Ex. A.), King "failed to disclose" the nature of the immunity deal and failed to "correct the testimony of Harris surrounding his deal with the Commonwealth." (Id. at 6.) Petitioner further states that King "compound[ed] the '[i]ntentional fraud upon the Court'" by offering Homicide Detective Lawrence Gerrard's testimony as to Harris's reputation for truthfulness. (Id.) Continuing, petitioner claims that Harris was the "central witness against him," and without Harris's testimony, the government's case "rose and fell on wholly circumstantial evidence." (Petr.'s Supplemental Hazel-Atlas Mot. 2.) As a result, petitioner requests that this Court "exercise" its historic "power of 'equity' to set aside fraudulently begotten judgements [sic]" and "nullify [petitioner's] conviction and sentence that was procured via 'intentional fraud upon the Court' via ADA King." (Petr.'s Hazel-Atlas Mot. 3–4.)

Petitioner has previously raised a similar argument with this Court. Specifically, on June 9, 2006, petitioner filed a Petition/Motion Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party ("Rule 60(b)(3) Fraud Motion"), claiming that King committed fraud upon the court and that petitioner was entitled to all discovery under the law, including witness immunity deals and instructions given to the grand jury. This Court dismissed the motion without prejudice as a second or successive habeas petition. See Wells v. Wynder, No. 06-CV-2503, 2006 WL 1648980, *2 (E.D. Pa. July 12, 2006).

Despite the similarity of petitioner's Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion to his prior Rule 60(b)(3) Fraud Motion, the Court cannot apply the same analysis employed in Federal Rule of Civil Procedure Rule ("FRCP") 60(b) motions because the Third Circuit has stated that an "'independent action alleging fraud upon the court is completely distinct from a motion under [FRCP] 60(b).'" United States v. Burke, No. 05-5277, 2006 WL 2135044, *1 (3d Cir. 2006) (quoting Herring v. United States, 424 F.3d 384, 389 (3d Cir. 2005)); see also United States v. Barbosa, No. 07-1292, 2007 WL 2050881, *1 (3d Cir. 2007) (acknowledging that the Third Circuit has "not previously addressed in a precedential decision whether a *Hazel-Atlas* motion is a legitimate means of attacking a criminal conviction which has already been assailed on direct appeal and via § 2255"); but see Barrett v. United States, No. 06-1324, Cr. No. 95-232, 2006 WL 3248396 (N.D.N.Y. Nov. 7, 2006) (concluding that "[t]he Court sees no reason to differentiate Petitioner's 'Hazel-Atlas motion' from a Rule 60(b) motion brought after a Section 2255 denial"). Thus, the Court will analyze petitioner's Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion independently from the standards used for FRCP 60(b)(3) motions.

In Hazel-Atlas Glass Co. V. Hartford-Empire Co., the Supreme Court ruled that "under certain circumstances, one of which is after-discovered fraud," a court could exercise its equitable powers to vacate judgments "to fulfill a universally recognized need for correcting injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to the finality of judgments. 322 U.S. 238, 244 (1944), overruled on other grounds by Standard Oil Co. v. United States, 429 U.S. 17 (1976). In the Hazel-Atlas case, the Supreme Court exercised this power with respect to a "deliberately planned and carefully

executed scheme to defraud" a federal court of appeals. Id. at 245.

In the instant case, petitioner asks this Court to exercise its equitable powers to review an instance of fraud allegedly perpetrated against a Pennsylvania state court, not a federal court as in Hazel-Atlas. Although the Third Circuit has not yet addressed the question of "whether a federal district court can equitably reconsider fraudulently-obtained state court judgments under *Hazel-Atlas*," one court in the Eastern District of Pennsylvania has followed other circuit courts in holding that "a federal district court may only exercise its equitable powers where[] 'the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on the state court.'" Williams v. Vaughn, No. 02-1077, 2005 WL 3348863, * 2 (E.D. Pa. Dec. 8 , 2005) (quoting Gonzalez v. Sec'y Dept. of Corrections, 366 F.3d 1253, 1285 (11th Cir. 2004)) (citing Fierro v. Johnson, 197 F.3d 147, 153–54 (5th Cir. 1999); Taft v. Donellan Jerome, Inc., 407 F.2d 807, 809 (7th Cir. 1969)). This Court agrees with that authority and will not address issues of fraud on a state court under Hazel-Atlas. Since petitioner seeks review of fraud allegedly committed upon the state court, the Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion must be denied.

Moreover, even if this Court were to reach the merits of petitioner's Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion and determine whether fraud was perpetrated against the state court, petitioner has failed to satisfy the rigorous standard established for independent actions alleging fraud upon the court. Indeed, the Third Circuit articulated the "necessarily demanding standard for proof of fraud upon the court" as follows:

> [T]here must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. . . . [A] determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and that it "must be supported by clear,

unequivocal and convincing evidence.

Herring, 424 F.3d at 386–87 (citations omitted) (quoting In re Coordinated Pretrial

Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir.1976) (citations

omitted)).

      In the instant case, petitioner fails to satisfy this standard. He offers no evidence to

demonstrate that King intentionally deceived the state court. Rather, petitioner makes

unsubstantiated allegations and attaches excerpts from transcripts that do not bear on the

issue of fraud. Specifically, the first attached transcript—that of his state criminal

trial—demonstrates that King informed the court of an immunity deal as to Harris.

(Petr.'s Mot. Ex. A.) The second attached transcript—that of proceedings before the

Investigating Grand Jury—is entirely irrelevant to the issue of immunity. (Id. at Ex. B, C.)

The Court concludes that, based on his unsubstantiated allegations, petitioner has not

satisfied the rigorous standard for independent actions for fraud upon the court under

Hazel-Atlas.

      **B.**    **Motion Requesting Delay of Ruling**

      In his Motion Requesting Delay of Ruling, petitioner requests that this Court

postpone ruling on his Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion until

respondent filed a response in petitioner's appeal in Wells v. Varner (No. 03-CV-3752).

(Petr.'s Mot. Delay Ruling 1–2.)

      That response was filed on November 13, 2008, and on December 11, 2008,

petitioner filed a Reply and a Supplemental Reply to respondent's response. On

December 17, 2008, respondent filed a Sur-Reply to petitioner's two Replies. (Resp't

Resp. Mot. Requesting Delay 3, Ex. A, B.) Accordingly, petitioner's Motion Requesting

Delay of Ruling is denied as moot.

### C.   Request for Grand Jury Documents

In his Request for Grand Jury Documents, petitioner claims that portions of the

Investigating Grand Jury proceedings in his state criminal case remain sealed, including the

"instructions given to any and all witnesses that appeared before the Grand Jury as it relates to

Certain Rights . . . [that are] synonymous with 'immunity.'" (Petr.'s Req. Grand Jury Docs. 2.)

Petitioner argues that he is entitled to these sealed immunity "instructions" and requests that this

Court "ascertain" from Judge Victor J. DiNubile, who presided over this Investigating Grand

Jury, "the 'instructions/certain rights'" that were given to witnesses before the Grand Jury. (Id.)

As this Court has denied petitioner's Hazel-Atlas Motion and Supplemental Hazel-Atlas

Motion, see Part II.A., supra, there remains no pending matter for which petitioner can claim he

requires grand jury documents. Thus, petitioner's Request for Grand Jury Documents is denied as

moot.

### D.   Motion/Affidavit

In his Motion/Affidavit, petitioner again requests that this Court "afford[]" petitioner

access to sealed documents from the Investigating Grand Jury proceedings in his state criminal

case. (Mot./Aff. 2.) Petitioner further requests that the Court do so by "tak[ing] Judicial Notice of

Fact and ascertain the veracity of the . . . charge of Corrupt Organization . . . ." (Id. at 3.)

In its Order and Memorandum of December 15, 2006, this Court explained the applicable

legal standard with respect to a district court's subject matter jurisdiction when an appeal is

pending in that action. Wells v. Varner, No. 03-CV-727, 2006 WL 3742743, *1–2 (E.D. Pa.

2006). Specifically, this Court quoted <u>Griggs v. Provident Consumer Discount Co.</u>, where the Supreme Court articulated the following rule:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

459 U.S. 56, 58 (1982). "The [<u>Griggs</u>] rule is a judge-made, rather than statutory, creation that is founded on prudential considerations." <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 97 (3d Cir. 1988). The <u>Griggs</u> rule was designed to address the "confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." <u>Venen v. Sweet</u>, 758 F.2d 117, 120 n.2 (3d Cir. 1985); <u>see also</u> <u>Mary Ann Pensiero, Inc.</u>, 847 F.2d at 97; <u>In re Merck & Co.</u>, 432 F.3d 261, 268 (3d Cir. 2005).

The Third Circuit recognizes "several, but 'limited' exceptions to the <u>Griggs</u> rule." <u>In re Merck & Co.</u>, 432 F.3d at 267 (quoting <u>Venen</u>, 758 F.2d at 120 n.2). These exceptions allow district courts to retain jurisdiction after the filing of a notice of appeal where denying jurisdiction "would defeat [the] purpose of achieving judicial economy." <u>Mary Ann Pensiero, Inc.</u>, 847 F.2d at 97. Thus, the district courts retain jurisdiction "to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail." <u>Sheet Metal Workers' International Assoc. Local 19 v. Herre Bros., Inc.</u>, 198 F.3d 391, 394 (3d Cir. 1999).[4]

In this case, petitioner explicitly states that his request for access to grand jury documents

---

[4] The exception for "orders affecting the record on appeal" provides district courts with jurisdiction to correct or modify the record on appeal under Federal Rules of Appellate Procedure 10 and 11. <u>See</u> <u>Venen</u>, 758 F.2d at 120 n.2 (citing Fed. R. App. P. 10 and 11).

is intended to "ascertain the veracity of the dubious charge of Corrupt Organization . . . ." (Mot./Aff. 2.) In his appeal, the Third Circuit is reviewing one issue: "whether Petitioner has demonstrated his actual innocence of the Pennsylvania Corrupt Organizations Act offense so as to overcome the procedural default of the ineffectiveness of appellate counsel and due process/corrupt organizations claims." Wells v. Varner, Civ. No. 03-3752 (3d Cir. Mar. 15, 2004).

The Court concludes that petitioner's Motion/Affidavit raises the "prudential considerations" that the Griggs rule was designed to address—the "confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." Mary Ann Pensiero, Inc., 847 F.2d at 97. Moreover, none of the exceptions to the Griggs rule apply in this case, in which petitioner seeks discovery regarding precisely "those aspects of the case involved in the appeal." Griggs, 459 U.S. at 58. Thus, under Griggs, this Court lacks jurisdiction to rule on petitioner's Motion/Affidavit, and it is dismissed on that ground.

## III.    Conclusion

For the foregoing reasons, the Court: (1) denies petitioner's  *pro se* Hazel-Atlas Motion; (2) denies petitioner's *pro se* Supplemental Hazel-Atlas Motion; (3) denies as moot petitioner's *pro se* Motion Requesting Delay of Ruling; (4) denies as moot petitioner's *pro se* Request for Grand Jury Documents; and (5) dismisses petitioner's *pro se* Motion/Affidavit for lack of jurisdiction.

BY THE COURT:


/s/ Honorable Jan E. Dubois

JAN E. DUBOIS, J.